**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NASRA M. ARAFAT (IBRAHIM),**

      **Plaintiff,**

v.                                                **Case No:   6:20-cv-1858-Orl-37EJK**

**UNITED STATES POSTAL SERVICE,**
**USPS,**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the undersigned on Plaintiff's Motion to Appeal *in Forma Pauperis* (the "Motion"), filed December 9, 2020. (Doc. 19.) Plaintiff also filed her Notice of Appeal, wherein she indicates that she intends to appeal the Orders filed on October 8, 2020 (Doc. 10), October 23, 2020 (Doc. 11), and November 12, 2020 (Doc. 16). (Notice of Appeal, Doc. 17.) For the reasons set forth below, I respectfully recommend that the Motion be denied.

**I.    BACKGROUND**

Plaintiff, proceeding *pro se*, instituted this action for "negligence, misconduct, fraud, and damages" against the United States Postal Service ("USPS") on October 7, 2020. (Doc. 1.) Notwithstanding how the case is framed, Plaintiff actually seeks immediate access to her mailbox in Coral Springs, Florida, and the return of mail forwarded to her temporary mailbox in Orlando, Florida. (*Id.* at 39; Doc. 3 at 15–16.)[1] The Court issued an order to show cause (hereinafter "Order

---

[1] Upon review of the Notice of Appeal, the undersigned finds that Plaintiff instituted this action because USPS stopped forwarding her mail from her Broward County, Florida mailbox to her Orlando, Florida mailbox after one year, without any warning to Plaintiff. (Doc. 17 at 2) ("As plaintiff responsibility to secure another mailing address and did so gain in Orlando FL. on

to Show Cause") against Plaintiff, ordering her to explain why her action should not be transferred to the Southern District of Florida pursuant to 28 U.S.C. § 1404. (Doc. 10.) Plaintiff failed to timely respond to the Order to Show Cause, and as such, Judge Dalton transferred her action to the Fort Lauderdale Division of the United States District Court for the Southern District of Florida (hereinafter "Fort Lauderdale Division"). (Doc. 11.)

Three weeks later, Plaintiff filed two motions in this case: a Motion to File Additional Evidence (Doc. 13) and a renewed application to proceed in district court without prepaying costs (Doc. 15), which was construed as a renewed motion to proceed *in forma pauperis*. These filings were ultimately stricken because Plaintiff's action had already been transferred to the Fort Lauderdale Division. (Doc. 16.) Judge Dalton then directed the Clerk "to return without filing any future documents Plaintiff submits for filing in this case (apart from a notice of appeal)." (*Id.* at 1.) Plaintiff then filed her Notice of Appeal one month later. (Doc. 17.)

## II.   LEGAL STANDARD

Title 28 of the United States Code, Section 1915, governs *in forma pauperis motions* filed in federal court. The statute provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "Whether an appeal is taken in good faith is a matter within the discretion of the trial court." *Busch v. Cty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1948)). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension,

---

9/25/2019 and forwarded her mail for one year. . . . later interrupted for no mail. . . .") (errors in original). The undersigned notes that the USPS website indicates that mail forwarding lasts for up to one year. *Standard Forward Mail & Change of Address*, https://www.usps.com/manage/forward.htm (last visited Jan. 19, 2021) ("[Y]ou can receive your mail while you're away for 15 days up to 1 year").

for the asserted wrong, however inartfully pleaded.'" *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)).

## III.   DISCUSSION

Plaintiff seeks to appeal the Order to Show Cause, the Order transferring her action to the Fort Lauderdale Division, and the Order striking her renewed motion to proceed *in forma pauperis*. (Doc. 17.) Upon review of the Notice of Appeal, the undersigned finds that Plaintiff should not be given leave to appeal *in forma pauperis*, since she failed to demonstrate that the Court acted outside of its authority when transferring her action to the Fort Lauderdale Division.

In the Notice of Appeal, Plaintiff avers that "USPS['] actions take place in Orlando where [she] stay[s] since new mailbox was opened on Sept[embe] 25, 2019." (Doc. 17 at 1.) However, in a later portion of the Notice of Appeal, Plaintiff states that she filed this case in this division *because* she currently resides here. (*Id.* at 3) ("This case filed in [Orlando] Florida as she now stay here without knowing when relief will be for her. . . .") (errors in original). Plaintiff also indicates that she filed a case in Broward County against the USPS because of its "connection and involvement . . . to swipe [her] assets and property and to leave her without any residence now locked her mailbox after 24 years and no mail for new mailbox." (*Id.* at 2.)

Venue, the location where a case can be heard, is governed by 28 U.S.C. § 1391. This statute provides that a federal civil suit can be heard in a judicial district where either the defendant resides or "a substantial part of events or omissions giving rise to the claim occurred." *Harvard v. Inch*, 408 F. Supp. 3d 1255, 1261 (N.D. Fla. 2019) (citing 28 U.S.C. § 1391(b)). "'Substantial part' does not mean venue is only proper where most of the inciting events occurred." *Harvard*, 408 F. Supp. 3d at 1261 (citing *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003)). "Only those acts within the forum that bear a close nexus to the claims are deemed substantial."

*Id.* Sections 1404 and 1406 provide a court with two options for handling a case filed in the wrong venue: dismissal or transfer. 28 U.S.C. §§ 1404(a), 1406(b). However, a court can transfer a case only "if it [is] in the interest of justice." *Id.*

Other than not receiving forwarded mail at Plaintiff's Orlando mailbox, no other event giving rise to Plaintiff's claims occurred in this District, let alone this Division. (Docs. 1, 3, 17.) The Notice of Appeal confirms what the Court previously found: the substantial portion of the events underlying Plaintiff's action did not occur in the Middle District of Florida. (Doc. 17.) As such, the undersigned finds that the Court acted within its authority to transfer Plaintiff's action to the Fort Lauderdale Division.

Because there is no legal or factual basis for Plaintiff's appeal, I recommend that the Court find her appeal to be frivolous and deny her motion to appeal *in forma pauperis* pursuant to § 1915(a)(3). *See James-Williams v. FLAD Investments, LLLP*, No. 8:17-cv-3083-T-23CPT, 2019 WL 4279681, at *2 (M.D. Fla. June 21, 2019) (denying a motion to appeal *in forma pauperis* because the motion did not provide a basis to support an appeal), *report and recommendation adopted*, 2019 WL 4278825 (M.D. Fla. Sept. 10, 2019); *Jones v. Coors Brewing Co.*, No. 6:18-cv-1782-Orl-41TBS, 2019 WL 2582671, at *2 (M.D. Fla. June 13, 2019) (finding that there was no good faith basis for the motion to appeal *in forma pauperis* since the greater weight of authority supported the Court's order granting the motion to dismiss), *report and recommendation adopted*, 2019 WL 2579134 (M.D. Fla. June 24, 2019), *appeal dismissed*, No. 19-11820-J, 2019 WL 8757254 (11th Cir. Nov. 8, 2019).

### IV.   RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Motion (Doc. 19) be **DENIED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 25, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties